# APPENDIX.

## OPINIONS PER CURIAM.

D. F. MALLORY *et al.* v. ALBERT PARKER.
**No. 12,078.**  (71 Pac. 240.)

Error from Shawnee district court; Z. T. HAZEN, judge. Affirmed by division one June 7, 1902.  Reaffirmed *in banc* January 10, 1903.

*Austin & Hungate*, for plaintiffs in error.
*Bergen & Dana*, for defendant in error.

*Per Curiam:* This case was before division one of this court at the May, 1902, sitting of the court. (69 Pac. 1127.) It was then determined that the order sought to be reversed was made upon conflicting testimony and should be affirmed.  A rehearing was granted, and the case is now before the full bench.

A careful consideration of the entire record fails to convince us of error in the former decision of this court, or in the order made in the trial court.  The question before the trial court for determination was whether the judgment, upon which the sale sought to be vacated was made, had been superseded before the sale.  It was presented upon oral evidence and the records of the court.  From this evidence it appears that the sale was made at ten o'clock A. M., June 12, 1899.  The record contains a copy of a bond taken and approved by the clerk of the court June 12, 1899.  However, it is not shown by any file mark thereon, or by recital in the record, that this bond was filed in the case.  The order fixing the amount of the supersedeas bond and staying the execution of the order of sale, if any made, is not contained in the record, except as gathered from the recitals in the bond. The entry in the appearance docket is: "June 12, 1899. Proceedings stayed; bond fixed at $200."

The witness Wilson testified that, to the best of his knowledge, the order staying proceedings was made by the judge at chambers on Saturday before the bond was approved; that he inserted the amount in the bond after the making of the order; that he did not see the bond after it was signed. Defendant D. F. Mallory, as a witness in his own behalf,

testified that he received the bond on Saturday from Wilson, his attorney; that he and his surety went before the clerk on Monday morning and there signed the bond; that after signing the bond he handed the papers to Wilson. No objection appears to have been interposed at the sale because the judgment had been superseded. Upon all the evidence the trial court found the judgment not to have been superseded at the time of the sale.

Considering all the evidence in the record, we cannot say that the finding is wholly unsupported by evidence. Aside from this, the personal knowledge of the judge of the court as to the facts of the case, if he had any, is not shown. It follows that we must adhere to the former decision of this court affirming the order made.